IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| METRO AVIATION, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:10-CV-445-TC |

**INTRODUCTION**

On February 6, 2007, an airplane owned by Metro Aviation, Inc. (Metro) crashed near Bozeman, Montana. The airplane had taken off in Great Falls, Montana, and was flying to Bozeman. The pilot, Vince Kirol, and both passengers, Paul Erickson and Darcy Dengel, died in the crash. Metro settled with the estate of Mr. Erickson without litigation. The estate of Ms. Dengel sued Metro in Montana but the case settled before trial. Four of Metro's insurers paid the Dengel and Erickson settlements. The United States was not a party to the Dengel litigation and was not involved in the settlement negotiations with either the Dengel or the Erickson estates.

Metro and the four insurers (collectively "Plaintiffs") have filed this lawsuit under the Federal Tort Claims Act against the United States alleging that the Federal Aviation Administration (FAA) air traffic controllers were the cause of the crash.[1] Plaintiffs's claimed

---

[1]This case was originally filed in the United States District Court for the District of Montana. On motion of the United States, the federal court in Montana transferred the case to

damages include the loss and use of the airplane, payment of the settlements to the Erickson and Dengel estates, and the related investigation and litigation costs. Plaintiffs assert claims for negligence, contribution, indemnity, and subrogation against the United States.

The United States has moved for partial summary judgment on Plaintiffs' causes of action seeking indemnity and contribution. The United States contends that Plaintiffs' claims are barred by both Utah and Montana law. In the event that the laws of Utah and Montana conflict, the United States argues that Utah Law should apply because Utah is the state with "the most significant relationship" to the claims.

Plaintiffs do not dispute that Utah law precludes their claims for contribution and indemnity but argue that Montana law is the law that the court must follow. Plaintiffs maintain that Montana law governs and Montana law allows their claims for indemnity and contribution to go forward.

As explained below, the court holds that Montana law is applicable to this case. But because the relevant Montana law is unsettled, the court is certifying, in a separate order, questions of Montana law to the Montana Supreme Court about whether Plaintiffs can pursue their claims for indemnity and contribution against the United States.

## ANALYSIS

**A.     Choice of Law**

The parties agree that Utah law would prohibit the Plaintiffs from pursuing their claims

---

this district, holding that venue was proper here because the FAA's Salt Lake Center Air Traffic Control directed and advised air traffic in Montana and, consequently, the alleged act or omission of the FAA air traffic controllers occurred in Salt Lake City, Utah. <u>See</u> May 7, 2010 Order of the U.S. District Court for the District of Montana (Docket No. 3-21) at 2, 7.

for indemnity and contribution. But the United States contends that Montana law also would bar the claims. The Plaintiffs, however, disagree. Because of this possible conflict, the court will first decide which state's law controls.

Both parties agree that the court must apply Utah's framework for analyzing the choice of law issue. When faced with a choice of law question, Utah courts first consider whether the laws of another jurisdiction and local law would reach a different result. See Snyder v. Celsius Energy Co., 866 F. Supp. 1349, 1353 n.9 (D. Utah 1994). "[T]he choice of law question has practical significance only if the application of one state's law would yield a different result than would the law of another state. [Otherwise], the court may apply the law of the forum." Id.

Where the results are in conflict, Utah employs the "most significant relationship" test in tort cases to select the applicable law, as articulated by the Restatement (Second) of Conflict of Laws. Waddoups v. Amalgamated Sugar Co., 54 P.3d 1054, 1059 (Utah 2002). Section 145 of the Restatement lists the following factors to consider when determining which state has the most significant relationship to a dispute: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Restatement (Second) of Conflict of Laws § 145(2) (1971). The Restatement directs that "[t]hese contacts are to be evaluated according to their relative importance with respect to the particular issue." Id.

    1.    The place where the injury occurred

The airplane crashed in Montana. This factor "plays an important role" in a personal injury case. Restatement § 145 cmt. e. As a federal district court explained in an air crash

disaster case,

> in reaching choice of law determinations in air crash cases, several courts have observed that often the location of a plane crash is largely fortuitous and hence that location is not given its usual weight in the choice of law analysis.  As a general matter, this proposition is unquestionably sound. But, as with any rule, it must not be applied woodenly; rather it should only be invoked under the appropriate facts.  In most of the air crash cases articulating the "fortuity" rule, the flight at issue was scheduled to fly over several states and hence, in a very real sense, the accident may have occurred in any one of a number of states. . . .  **In cases involving wholly intrastate air travel courts have rejected the fortuity argument.**

In re Aircraft Disaster Near Roselawn, Indiana, 926 F. Supp. 736, 742 (N.D. Ill. 1996) (emphasis added) (internal citations omitted).

Significantly, the fact that the crash occurred in Montana was not "fortuitous;" this was an intrastate flight, scheduled to take off in Montana and land in Montana.  Accordingly, this factor weighs heavily in favor of Montana.

2. The place where the conduct causing the injury occurred

The alleged negligence of the air traffic controllers took place in Salt Lake City, Utah. The FAA air traffic controllers are federal employees working at a federal facility that could have been located anywhere.  The fact that it was in Salt Lake City is fortuitous, and there is no reason to believe that the State of Utah has any relevant interest in what occurred at the air traffic control center, especially when the effects of the alleged negligence were felt in Montana.  This factor does not weigh in favor of either party.

3. The domicile, residence, nationality, place of incorporation and place of business of the parties

This factor does not weigh in favor of either party.  The United States is not domiciled in any one of the fifty states.  None of the Plaintiffs is incorporated in Montana or Utah.

4

4. <u>The place where the relationship, if any, between the parties is centered</u>

The purpose of the communications between the air traffic controllers and the airplane was to enable the airplane to navigate through Montana airspace. This factor favors Montana.

\* \* \*

After considering and weighing all of the above factors, the court concludes that Montana has the most significant relationship to this dispute.

**B.    Montana Law**

The parties discuss at length in their memoranda whether Montana law would permit Plaintiffs' claims for indemnification and contribution to go forward. Plaintiffs argue that it would; the United States argues that it would not. Because it appears to this court that the issues have yet to be resolved by Montana state courts, the court has certified questions of law to the Montana Supreme Court.

## CONCLUSION

For the foregoing reasons, the court holds that Montana law applies to this case. But, for the reasons set forth above, the United States' Motion for Partial Summary Judgment (Docket No. 42) is taken under advisement pending an answer by the Montana Supreme Court. Upon response to the court's certified questions of law, the court will address the merits of the United States' motion.

DATED this 16th day of July, 2012.

BY THE COURT:

*[signature: Tena Campbell]*
TENA CAMPBELL
U.S. District Court Judge